NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HIPOLITO M. CHACOAN, )    No. 12-15871
)
    Plaintiff - Appellant, )    D.C. No. 2:05-cv-02276-MCE-KJN
)
v. )    MEMORANDUM[*]
)
ALVARO TRAQUINA, M.D., )
)
    Defendant - Appellee. )
)

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted June 9, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

Hipolito Chacoan appeals from the judgment issued by the district court

after a jury's determination that Dr. Alvaro Traquina, the Chief Medical Officer at

California State Prison, Solano, was not deliberately indifferent to Chacoan's

---

    [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

serious medical needs. We affirm.

(1)     Chacoan asserts that the district court erred when it instructed the jury on the elements he had to prove to establish supervisory deliberate indifference by Dr. Traquina. We disagree. The instruction given was sufficient to inform the jury that Dr. Traquina could be found responsible for his own deliberate indifference if he failed to act to prevent harm caused by the deliberately indifferent conduct of his subordinates that was known to him. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691, 98 S. Ct. 2018, 2022 n.7, 2036, 56 L. Ed. 2d 611 (1978); Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also OSU Student Alliance v. Ray, 699 F.3d 1053, 1069, 1071 (9th Cir. 2012) (pleading standards), cert. denied, __ U.S. __, 134 S. Ct. 70, 187 L. Ed. 2d 29 (2013); Starr v. Baca, 652 F.3d 1202, 1205–07 (9th Cir. 2011) (same); cf. Farmer v. Brennan, 511 U.S. 825, 844, 114 S. Ct. 1970, 1982–83, 128 L. Ed. 2d 811 (1994). Moreover, even if on this record the instruction was not a model of perfection, it is more probable than not that any ambiguity in the instruction was harmless. See Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009); Dang v. Cross, 422 F.3d 800, 811 (9th Cir. 2005); Phillips v. U.S. IRS, 73 F.3d 939, 941 (9th Cir. 1996).

2

(2)     Chacoan also asserts that the district court abused its discretion[1] when it did not define the phrase "serious medical need" for the jury.  Again, we disagree.  Nothing in this record indicates that the jury was confused by that phrase, even if "more elaboration might not have been improper."  <u>United States v. Keyser</u>, 704 F.3d 631, 643 (9th Cir. 2012).  Moreover, both parties told the jury that Chacoan had a serious medical condition.  Here, too, our review of the record indicates that if there was any lack of clarity, it was harmless.

AFFIRMED.

---

[1]<u>See</u> <u>Dang</u>, 422 F.3d at 804.

3